UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

DR. JONATHAN DILLARD,

                    Plaintiff,

v.

MONTGOMERY COUNTY SHERIFF,
et al.,

                    Defendants.

Case No. 1:25-cv-00583-DCN

**INITIAL REVIEW ORDER
BY SCREENING JUDGE**

     Plaintiff Jonathan Dillard filed a pro se prisoner Complaint that is subject to screening because of his status as a prisoner and a pauper. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

    A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Having reviewed Plaintiff's filings, the Court issues the following Order requiring Plaintiff to file an amended complaint if he has facts showing that his claims should proceed under the following standards of law.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

## ILLEGIBLE COMPLAINT

Plaintiff has filed a mostly-illegible Complaint. If he files an amended complaint, he must take care to ensure that it is legible. If it is not, a judgment of dismissal without prejudice will be entered and this case closed.

## ARKANSAS DEFENDANTS

Plaintiff has named several Defendants who reside in Arkansas. A federal court must satisfy itself that it has authority to exercise personal jurisdiction over the defendant. Federal due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). To avoid dismissal, Plaintiff must make a prima facie showing of jurisdictional facts. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987).

Personal jurisdiction over a nonresident defendant exists if  (1) the nonresident defendant has some connection with the forum state; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *See Data Disc, Inc. v. Systems Technology Assoc., Inc*., 557 F.2d 1280, 1287 (9th Cir. 1977).

Plaintiff sues a judge and the sheriff of Montgomery County, Arkansas. Because the Complaint is illegible, the Court cannot tell if Plaintiff has satisfied any of the foregoing factors that would warrant exercise of personal jurisdiction over these and other (illegible) out-of-state defendants. Unless they have a connection to Idaho or committed some act in Idaho, it is unlikely that this Court has jurisdiction. Unless Plaintiff can provide sufficient

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

facts showing personal jurisdiction exists, the Arkansas Defendants should not be included in any amended complaint.

In addition, venue must also be proper. Legal actions may be brought only in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If Plaintiff has facts that support a conclusion that venue in Idaho is appropriate as to the Arkansas Defendants, he must provide those facts in an amended complaint.

## CLAIMS RELATED TO PLAINTIFF'S CRIMINAL CASE

Many of Plaintiff's claims against the Arkansas and Idaho Defendants seem to challenge state criminal outcomes or ongoing proceedings. This is unclear, because the Complaint is illegible.

### 1. Criminal Cases Resulting in Convictions

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that, where a favorable verdict in a civil rights action would necessarily imply the invalidity of a plaintiff's conviction, he must first prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

court's issuance of a writ of habeas corpus. *Id.* As a result, "a claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id*.

In addition, the Supreme Court has made it clear that when a state prisoner seeks "a determination that he is entitled to immediate release or a speedier release from ... imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, release from incarceration is not an available remedy in a § 1983 action.

If Plaintiff is attempting to challenge aspects of a completed criminal case that resulted in a conviction, such claims should not be included in an amended complaint unless that conviction has been overturned.

### 2. Ongoing Criminal Cases

If, on the other hand, Plaintiff is attempting to challenge an ongoing criminal case that has not yet been resolved, he must make a different showing.

Federal district courts usually abstain from adjudicating civil rights actions that could impact ongoing state criminal cases. *Younger v. Harris*, 401 U.S. 37 (1971). A federal court should abstain from hearing a civil rights case under the *Younger* doctrine when three factors are present: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates an important state interest (such as state criminal actions); and (3) there is an adequate opportunity in the state proceeding to raise the constitutional challenge. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

Where abstention is appropriate, a federal court may still entertain an action when "extraordinary circumstances" are present, including: (1)  where irreparable injury is both "great and immediate," *Younger*, 401 U.S. at 46; (2) where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id*. at 53-54; or (3) where there is a showing of "bad faith, harassment, or any other unusual circumstances that would call for equitable relief," *id*. at 54.

If Plaintiff is challenging an ongoing criminal action, he must show extraordinary circumstances to proceed.

## CLAIMS AGAINST IDAHO PUBLIC DEFENDER

It appears that Plaintiff is attempting to sue a public defender, Brian Marx, who represented him in Idaho state criminal proceedings. A public defender does not act under color of law when representing an indigent defendant in federal criminal proceedings. *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982). In *West v. Atkins*, 487 U.S. 42 (1988), the United States Supreme Court explained that criminal defense attorneys are not considered "state actors" under § 1983 because, in their unique function, they are not acting on behalf of the state. *Id*. at 50 (relying on *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

As a result, Plaintiff cannot sue a public defender under § 1983.  These claims are subject to dismissal.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

## CLAIMS AGAINST IDAHO JUDGE

Plaintiff also sues Ada County Fourth Judicial District Judge Laurie Fortier.

Under the doctrine of absolute judicial immunity, a judge is not liable for monetary damages for acts performed in the exercise of his or her judicial functions. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Judicial officers are also entitled to absolute immunity from claims for injunctive relief "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. In other words, if declaratory relief in an action is available, absolute judicial immunity bars any claims for injunctive relief in that action. *Kampfer v. Scullin*, 989 F. Supp. 194, 201 (N.D.N.Y. 1997).

Absolute immunity for judicial officers "is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988). Therefore, to determine whether an act is judicial in nature so that absolute immunity would apply, a court looks to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Sparkman*, 435 U.S. at 362.

Because the Court cannot read Plaintiff's Complaint, it cannot tell what he is alleging against Judge Fortier. Unless he has facts showing she performed an act outside of the judicial function, he should not include Judge Fortier in an amended complaint.

## CLAIMS AGAINST ADA COUNTY PROSECUTOR

Plaintiff sues Ada County Prosecutor Jan Bennetts. A prosecutor is entitled to absolute quasi-judicial immunity from liability for damages under 42 U.S.C. § 1983 when

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

the alleged wrongful acts were committed by the prosecutor in the performance of an integral part of the criminal judicial process. *See, e.g.*, *Robichaud v. Ronan*, 351 F.2d 533, 536 (9th Cir. 1965); *Imbler v. Pachtman*, 424 U.S. 409 (1976). Tasks that are an integral part of the criminal justice process include initiating and pursuing a criminal prosecution, *Imbler v. Pachtman*, 424 U.S. at 410, preparing and filing charging documents, *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997), and participating in probable cause hearings, *Burns v. Reed*, 500 U.S. 478 (1991). Even though it seems difficult to understand, absolute prosecutorial immunity extends to "the knowing use of false evidence at trial, the suppression of exculpatory evidence, and malicious prosecution." *Milstein v. Cooley,* 257 F.3d 1004, 1008 (9th Cir. 2001); *see Broam v. Bogan*, 320 F.3d 1023 (9th Cir. 2003).

Nonetheless, because the immunity test is based upon function, a prosecutor may have only *qualified* immunity for "performing investigatory or administrative functions, or [when he] is essentially functioning as a police officer or detective." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (relying on *Buckley v. Fitzsimmons*).

Because the Court cannot read Plaintiff's Complaint, it cannot tell what he is alleging against prosecutor Jan Bennetts. Unless he has facts showing she performed an act outside of the prosecutorial function, he should not include Bennetts in an amended complaint.

## INSTRUCTIONS FOR AMENDMENT

Any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

Civ. R. 15.1. An amended pleading completely replaces an original pleading.

A pleading is more understandable if it is organized by claim for relief and defendant, rather than asserting a broad set of facts at the beginning of a pleading that are unrelated to a list of defendants elsewhere in the pleading. An amended complaint must state the "who, what, where, when, why, and how" of each claim.

For each claim against each defendant, Plaintiff must state the following (organized by each defendant): (1) the name of the person or entity Plaintiff claims to have caused the alleged deprivation of his constitutional rights; (2) the facts showing that the defendant is a state or federal actor (such as state or federal employment) or a private entity/private individual acting under color of law; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular provision of the Constitution Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief he is seeking from each defendant.

The amended complaint must be legibly written or typed, and it should be clearly designated as a "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Clerk of Court.

Pursuant to General Order 342, *In Re: Procedural Rules for Prisoner Civil Case Filings and for Prisoner E-Filing Program*, § A.1.e. (adopted Feb. 7, 2019), a prisoner complaint may be no more than 20 pages. Plaintiff shall limit any amended complaint to

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 8**

20 pages, and he shall not file supplements or letters thereafter.

If Plaintiff files an amended complaint, he must also file a "Motion to Review the Amended Complaint." If Plaintiff fails to file an amended complaint in this matter, judgment will be entered and this case will be closed.

## ORDER

**IT IS ORDERED** that the Complaint is DISMISSED without prejudice. If Plaintiff believes he can state a claim, he may attempt to file a proper amended complaint within 30 days after entry of this Order. If he believes that his claims are presently barred, as described above, he need not do anything further, and the Court will enter judgment after the 30-day time period ends. If his amended complaint does not follow the guidelines set forth above, judgment will be entered under Federal Rule of Civil Procedure 41(b).

**IT IS FURTHER ORDERED** that Plaintiff's Applications to Proceed in Forma Pauperis (Dkts. 1, 6) is DENIED without prejudice as MOOT, pending the filing of an amended complaint.

DATED: March 13, 2026

David C. Nye
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 9**